IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LINDA MULLINS,

    Plaintiff,

v.                                              Civil No. 3:05cv888

EQUIFAX INFORMATION SERVICES,
LLC, et al.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on TRANS UNION'S FED. R. CIV. P. 50(b) MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FED. R. CIV. P. 59 MOTION FOR A NEW TRIAL (Docket No. 174).  For the reasons set forth below, the motion and the alternative motion will be denied.

**BACKGROUND**

Linda Mullins filed a complaint against Trans Union ("TU") (and others) pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a et seq.  Mullins alleged that TU willfully had violated several provisions of the FCRA, and that these violations caused her to suffer harm. Before trial, the parties filed several motions for protective order and motions in limine.  The Court disposed of these motions in a hearing held on December 12, 2006 (see Transcript of December 12, 2006 Hearing (Docket No.

144) (hereinafter "Protective Order Tr.")), an order dated January 17, 2007 (see Docket No. 152), and a final pretrial hearing held on January 18, 2007. (See Transcript of Final Pretrial Hearing (Docket No. 160) (hereinafter "Pretrial Tr.")).

A two-day trial was held on January 22 and 23, 2007. Both parties put on evidence. (See Transcript of Jury Trial (Docket Nos. 185, 186) (hereinafter "Trial Tr."). TU moved for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(a) at the close of Plaintiff's case-in-chief and at the close of evidence. TU's motions were denied. The jury found that TU had violated the FCRA willfully, and awarded Plaintiff actual and punitive damages. TU now moves to overturn that verdict pursuant to Fed. R. Civ. P. 50(b) and 59 (See Docket Nos. 173, 174).

## DISCUSSION

TU moves to overturn the verdict on two grounds. First, pursuant to Fed. R. Civ. P. 50(b), it renews its motion for judgment as a matter of law, and argues that, given the evidence presented at trial, no reasonable jury could have found that TU willfully violated the FCRA, nor that any violation was the cause of the damages of which Plaintiff complained.

Second, TU alternatively moves for a new trial under Fed. R. Civ. P. 59. It argues that the Court erred in giving certain jury instructions, granting and denying certain motions in limine, failing to strike a certain witness's testimony, and propounding jury interrogatories. TU argues that these errors caused TU to suffer prejudice that warrants a new trial. The motions will be addressed in turn.

**1. Rule 50(b)--Judgment as a Matter of Law**

Judgment as a matter of law is proper if there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-movant. Wm. Moore, 9 Moore's Federal Practice § 50.60[1]. The district court is not free to weigh the evidence presented at trial; instead, "it must view the evidence most favorably to the party against whom the motion is made and give that party the benefit of all reasonable inferences that may be drawn from the evidence." Wright et al. 9A Federal Practice and Procedure § 2524.

**a. Willfulness**

Plaintiff alleged that TU willfully violated four portions of 15 U.S.C. § 1681i of the FCRA.[1] TU argues that

---

[1] The alleged willful violations were:

Plaintiff did not put forth any evidence at trial that would permit a rational jury to find that TU did, in fact, willfully violate any of the four provisions. (See Trans Union LLC's Memorandum of Law in Support of Fed. R. Civ. P. 50(b) Motion for Judgment as a Matter of Law (Docket No. 175) (hereinafter "Rule 50(b) Mem.") at 3-8).[2] TU made identical motions under Fed. R. Civ. P. 50(a) at the close of Plaintiff's case-in-chief, (Trial Tr. at 358:18 to 360:17), and at the close of TU's own case (Trial Tr. at 480:2 to 480:5). The Court denied both motions. (Trial Tr. at 363:20 to 364:13; 490:10 to 490:16). TU does not

---

1. That TU failed to conduct a reasonable reinvestigation to determine whether the disputed MBNA account on Mullins's report was accurate; (§ 1681i(a)(1)(A));
2. That TU failed to review and consider all relevant information submitted by Mullins in connection with her dispute; § 1681i(a)(4));
3. That TU failed to provide Mullins's creditors with all relevant information regarding the dispute that TU had received from Mullins; (§ 1681i(a)(2)(B));
4. That, if TU conducted a reinvestigation of the disputed information, it found that the disputed information could not be verified, but it nonetheless did not modify the disputed item to reflect that the disputed information in the file could not be verified. (§ 1681i(a)(5)(A));.

[2] TU also argues that the Court erroneously allowed Plaintiff's counsel to make certain arguments regarding §§ 1681i(a)(2), (a)(4) and (a)(5). See Rule 50(b) Mem. at 7-8. These objections should have been raised under Fed. R. Civ. P. 59, which deals with legal error, rather than Fed. R. Civ. P. 50(b), which deals with sufficiency of the evidence presented to the jury. The Court will therefore consider those arguments in its analysis of TU's Fed. R. Civ. P. 59 motion.

raise any new, relevant[3] arguments here, and the Court will not further consider its motion.

The case was tried on, and the jury was instructed pursuant to, the law of this circuit at the time of trial in the issue of willfulness. See e.g., Dalton v. Capital Associated Industries, Inc., 257 F.3d 409 (4th Cir. 2001). Thereafter, the Supreme Court of the United States decided Safeco Ins. Co. of America v. Burr, 127 S. Ct. 2201 (2007) which actually articulated a standard for willfulness that was less stringent than the standard which controlled the trial and the jury verdict.

Viewed as a whole, the record here supports a finding of willfulness under either standard. The plaintiff presented evidence from which the jury reasonably found TU deliberately and consciously committed the violations of the FCRA found by the jury. Certainly, the evidence supports a finding under the rule of Safeco. Indeed, from

---

[3] TU does argue that "Plaintiff failed to adduce any evidence of the sort required under Dalton [v. Capital Associated Industries, Inc., 257 F.3d 409 (4th Cir. 2001)] or Tinsley[ v. TRW Inc., 879 F. Supp 550 (D. Md. 1995)], or akin to the egregious repeated violations set forth in Saunders[ v. BB&T, 3:05cv731 slip op. (E.D. Va. Jan. 8, 2007)]." (Rule 50(b) Mem. at 4). Beyond merely citing those cases, however, TU does not explain why the evidence in this case was insufficient for a jury to find willful violations. Indeed, in denying TU's Rule 50(a) motions, the Court did find that there was such sufficient evidence, and TU offers no reason to reconsider that finding now.

5

the record, the jury reasonably could have inferred that TU has chosen to disobey the FCRA's reinvestigation and related provisions because it is less expensive to do so, even if it loses a few cases, than it is to comply with the statute.

### b. Causation

TU argues that there was insufficient evidence for a jury to find causation, in two different respects.

First, TU asserts in conclusory fashion that there was insufficient evidence for a jury to conclude that Plaintiff was denied a loan as a result of TU's failure to conduct a reinvestigation in compliance with § 1681i.[4] (Rule 50(b) Mem. at 8). TU does not cite any authority to support this position. Nor does it point to the record in support of the assertion. The Court considered and rejected TU's identical Rule 50(a) motion (Trial Tr. at 362:22 to 363:6; 490:10-16), and finds no reason to reconsider that ruling now.

Second, TU argues that there was insufficient evidence to permit a reasonable jury to conclude that Plaintiff's emotional distress resulted from the financial difficulties

---

[4] TU had furnished a consumer report to a bank, which subsequently denied Plaintiff a loan for certain living expenses.

6

she suffered as a result of being denied a bank loan.[5] The Court rejected this argument both as to TU's motion to strike the testimony of Plaintiff's counselor (see Trial Tr. at 308:9 to 309:8), and at TU's two Fed. R. Civ. P. 50(a) motions. (See Trial Tr. at 362:22 to 364:13; 490:10 to 490:16). TU makes no new arguments now, and the Court finds no reason to change the rulings it made under Fed. R. Civ. P. 50(a).[6]

On this record, it is quite clear that there was an evidentiary basis that was amply sufficient for the jury to have found for the plaintiff. Accordingly, and for the reasons set forth above, the motion for judgment as a matter of law under Fed. R. Civ. P. 50 will be denied.

**2. Rule 59--New Trial**

Alternatively, TU moves for a new trial pursuant to Fed. R. Civ. P. 59, arguing that the Court committed several substantial errors, and that the trial therefore denied it substantial justice.

---

[5] Plaintiff showed that she suffered emotional distress because a bank, to which TU had provided a credit report, denied her a loan that would have allowed her to pay for important living expenses.

[6] TU also argues here that the Court committed legal errors in admitting certain evidence. Those arguments should have been made under Fed. R. Civ. P. 59.

7

Rule 59 permits a court to grant a new trial if an error by the court has denied a party substantial justice. See Pathways Psychological Support Ctr., Inc. v. Town of Leonardtown, 223 F. Supp. 2d 699, 705-06 (D. Md. 2002). A court should not grant a new trial "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." Vanwyk Textile Sys., B.V. v. Zimmer Mach Am., Inc., 994 F. Supp. 350, 358 (W.D.N.C. 1997). TU's motion fails under to satisfy the test.

    **a. Jury Instructions**

First, TU argues that the Court denied four of its proposed jury instructions in error. TU's jury instruction D-1 defined "reinvestigation" under § 1681i(a)(1)(A) as a conjunctive rule encompassing all of Mullins's FCRA actions, such that in order to prove that TU had failed to conduct a "reasonable reinvestigation," Mullins would have to have proved that TU failed to reinvestigate the incident (§ 1681i(a)(1)(A)), provide all relevant information to MBNA (§ 1681i(a)(2)), and change the information (§ 1681i(a)(5)). The Court rejected this argument during the instructions hearing (see Trial Tr. at 508:10-15; 512:13-19), and TU gives it no reason here to reconsider that decision here.

TU's jury instruction D-6 would have instructed the jury that Plaintiff had the burden to prove that the credit report was inaccurate. The Court rejected this instruction at the instruction hearing as irrelevant, as it found that TU had provided <u>no</u> admissible evidence to suggest that Plaintiff was indebted on the account. (<u>see</u> Trial Tr. at 514:25 to 515:3. TU gives the Court no reason here to revisit that decision.[7]

TU's jury instruction D-8 defined different types of accounts--joint, individual, and authorized user. The Court rejected a definition of all types of account except the authorized user account because there was no evidence that Plaintiff was anything but an authorized user.

TU's jury instruction D-20 would have instructed the jury that punitive damages were unavailable as a matter of law. TU proposed this theory on the ground that Plaintiff had failed to submit substantial proof of willfulness. The Court rejected TU's argument that Plaintiff had not submitted sufficient evidence to permit a finding of willfulness, and therefore declined to use the instruction. As discussed above, there was extensive evidence from which the jury could find willfulness.

---

[7] TU offered exhibits allegedly addressed to this issue, but it provided no basis for the admission of the exhibits and they were excluded at the final pretrial conference.

Second, TU argues that the Court issued numerous jury instructions in error.

TU objects to instruction 15, to the extent it related to willfulness. TU does not appear to have objected to instruction 15 at the instruction hearing, (see Trial Tr. at 502:9-23), but in any event, because the Court denied TU's Fed. R. Civ. P. 50(a) motion as to willfulness, the instruction was appropriate. The Court finds no reason to alter its holding at trial that Plaintiff had submitted sufficient evidence for a reasonable jury to find that TU willfully violated the FCRA. Thus, TU's objection to 15 is not a proper grounds for a new trial.

TU objects to the Court's jury instruction 16, which instructed that inaccuracy was established. The Court noted at the instructions hearing that instruction 16 was based on its pretrial rulings (Trial Tr. at 503:3-6), and indeed, the Court ruled in the final pretrial conference that inaccuracy had been established. (Pretrial Tr. at 40:8-10). The Court rejected TU's argument at the instructions hearing, and finds no reason to change its ruling here.

TU objects to instruction 17,[8] which instructed the jury that TU could have violated the FCRA if it violated §§ 1681i(a)(1), (a)(2), (a)(4) <u>or</u> (a)(5). TU argued during the instructions hearing that in order to establish a violation of TU's duty to conduct a "reasonable reinvestigation" under (a)(1) § 1681i(a)(1), Plaintiff would have to present evidence that TU had violated <u>all</u> the requirements in the other subsections of § 1681i(a) (i.e., (a)(2), (a)(4), etc.). The Court rejected that argument at the instructions hearing (Trial Tr. at 508:10-15), and finds no reason to reconsider its ruling here.

In instruction 18, the Court gave "reinvestigation" a similar definition as "investigation."[9] TU objects that

---

[8]  TO ESTABLISH HER CLAIM THAT TRANS UNION VIOLATED THE FAIR CREDIT REPORTING ACT, THE PLAINTIFF MUST ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE:
    (A) THAT TRANS UNION FAILED TO CONDUCT A REASONABLE REINVESTIGATION TO DETERMINE WHETHER THE DISPUTED INFORMATION WAS INACCURATE; OR
    (B) THAT TRANS UNION FAILED TO REVIEW AND CONSIDER ALL RELEVANT INFORMATION SUBMITTED BY MS. MULLINS IN CONNECTION WITH THE DISPUTED MATTER; OR
    (C) THAT TRANS UNION FAILED TO PROVIDE MS. MULLINS' CREDITORS WITH ALL RELEVANT INFORMATION REGARDING THE DISPUTE THAT TRANS UNION HAD RECEIVED FROM MS. MULLINS; OR
    (D) THAT, IF TRANS UNION CONDUCTED A REINVESTIGATION OF THE DISPUTED INFORMATION, IT FOUND THAT THE DISPUTED INFORMATION COULD NOT BE VERIFIED, BUT DID NOT MODIFY THE DISPUTED ITEM TO REFLECT THAT THE DISPUTED INFORMATION IN THE FILE COULD NOT BE VERIFIED;

[9]  THE WORD "REINVESTIGATION" MEANS THAT THE CREDIT REPORTING AGENCY, TRANS UNION, MUST CONDUCT A DETAILED

this contradicts decisional law because the Fourth Circuit in <u>Johnson v. MBNA</u> recognized that "creditors and credit reporting agencies have different roles in investigating consumer disputes under the FCRA." 357 F.3d 426, 432 (4th Cir. 2004). The Court rejected that argument at the instructions hearing (Trial Tr. at 512:13-19), and TU gives it no reason here to reconsider that decision here.

Instruction 19 instructed the jury as to the "reasonableness" of a reinvestigation. Instruction 19 had originally read:

> THE TERM "REASONABLE" AS USED TO DESCRIBE THE KIND OF REINVESTIGATION THAT TRANS UNION WAS OBLIGATED TO CONDUCT MEANS A FAIR AND PROPER REINVESTIGATION UNDER THE CIRCUMSTANCES. IN DECIDING WHETHER THE REINVESTIGATION WAS "REASONABLE," YOU MAY TAKE INTO ACCOUNT THE NATURE OF THE INFORMATION THAT MS. MULLINS SUBMITTED ABOUT THE DISPUTED ITEM, THE HARM THAT COULD BE CAUSED BY THE INACCURATE INFORMATION IN THE CREDIT REPORT, THE BURDEN TO TRANS UNION OF SAFEGUARDING AGAINST THE INACCURACY, AND THE COST OF VERIFYING INFORMATION SUBMITTED BY MS MULLINS.

Plaintiff moved to strike the end of the last sentence on the ground that TU had the burden to show how much a reinvestigation costs, and that it had not done so. The Court agreed, (Trial Tr. at 515:1-8), and the resulting instruction read:

---

INQUIRY OR SYSTEMATIC EXAMINATION BY MAKING CAREFUL INQUIRY INTO THE DISPUTED MATTER.

> THE TERM "REASONABLE" AS USED TO DESCRIBE THE KIND OF REINVESTIGATION THAT TRANS UNION WAS OBLIGATED TO CONDUCT MEANS A FAIR AND PROPER REINVESTIGATION UNDER THE CIRCUMSTANCES. IN DECIDING WHETHER THE REINVESTIGATION WAS "REASONABLE," YOU MAY TAKE INTO ACCOUNT THE NATURE OF THE INFORMATION THAT MS. MULLINS SUBMITTED ABOUT THE DISPUTED ITEM, THE HARM THAT COULD BE CAUSED BY THE INACCURATE INFORMATION IN THE CREDIT REPORT~~, THE BURDEN TO TRANS UNION OF SAFEGUARDING AGAINST THE INACCURACY, AND THE COST OF VERIFYING INFORMATION SUBMITTED BY MS MULLINS~~.

(Trial Tr. at 514:8-11). The Court became concerned that the resulting instruction would weigh too heavily in favor of Plaintiff, (Trial Tr. at 515:19 to 516:1), and struck further language from the instruction so that it read:

> THE TERM "REASONABLE" AS USED TO DESCRIBE THE KIND OF REINVESTIGATION THAT TRANS UNION WAS OBLIGATED TO CONDUCT MEANS A FAIR AND PROPER REINVESTIGATION UNDER THE CIRCUMSTANCES. ~~IN DECIDING WHETHER THE REINVESTIGATION WAS "REASONABLE," YOU MAY TAKE INTO ACCOUNT THE NATURE OF THE INFORMATION THAT MS. MULLINS SUBMITTED ABOUT THE DISPUTED ITEM, THE HARM THAT COULD BE CAUSED BY THE INACCURATE INFORMATION IN THE CREDIT REPORT, THE BURDEN TO TRANS UNION OF SAFEGUARDING AGAINST THE INACCURACY, AND THE COST OF VERIFYING INFORMATION SUBMITTED BY MS MULLINS.~~

(Trial Tr. at 516:23). TU objected to the resulting instruction as well. TU argues now that the Court's ruling on TU's burden was in error, and that a new trial is therefore justified under Fed. R. Civ. P. 59.

TU did not make, at the charge conference, the argument that it makes now. And, in any event, TU did not

13

offer an instruction that correctly stated the law. Hence, it cannot now attack the instruction that was given.

Moreover, contrary to TU's assertion, the Fourth Circuit has not held that a plaintiff must prove the cost of reinvestigation. While the Court of Appeals has held that the plaintiff must prove that a CRA had not followed a reasonable procedure, that is not the same as proving what TU's cost is. TU cites no case so holding. But, in any event, it is too late now to raise that point for the first time.

TU argues that instruction 20 erroneously "separated the duty to investigate into five mini-causes of action." The Court rejected TU's arguments at the instructions hearing, (Trial Tr. at 512:13-19), and TU gives the Court no reason here to reconsider that decision.

TU argues that instructions 22, 28, 29, 31, and 32 were all inappropriate inasmuch as they referred to willfulness. This argument is based on its position that Plaintiff did not submit sufficient information to submit the issue of willfulness to the jury. The Court rejected that position at trial, (Trial Tr. at 363:23 to 364:5; 490), and does so here.

TU argues that instructions 24, 26, and 27 should not have been given because the plaintiffs proffered

14

insufficient evidence for a jury to find for it on questions of causation of actual damages. The Court rejected that position at trial, (Trial Tr. at 362:23 to 363:3; 490), and does so here as well.

TU objects to instruction 30, in which the Court instructed the jury that other Courts had held that TU could not satisfy its "reasonable reinvestigation" duties by merely parroting information from creditors. The Court overruled TU's objection to this instruction at the instruction conference, (see Trial Tr. at 523:9). Also, at the final pretrial conference the Court considered TU's arguments against admitting evidence of the cases as notice evidence, (Final Pretrial Tr. at 83:24 to 89:6). The Court rejected TU's arguments against admission of the evidence, and against the instruction. TU makes no different arguments here, and the Court finds no reason to change its prior rulings.[10]

---

[10] In connection with this argument, TU states that instruction 30 "erroneously instructed the jury that 'notice' for willfulness and/or punitive damages purposes was proven in light of prior federal court decisions." (Mem. in Support of Rule 59 Motion at 13) (emphasis added). This statement is inaccurate, and the Court will not consider it as an argument under Rule 59. Instruction 30 read:

> IN ASSESSING THE ISSUE OF NOTICE TO TRANS UNION, YOU ARE INSTRUCTED THAT, ON SEVERAL OCCASIONS SINCE 1997, DECISIONS OF FEDERAL COURTS HAVE

15

Finally, TU objects to presence in instructions 15, 17, and 20, as well as the verdict form, respecting claims based on § 1681i(a)(5). Subsection (a)(5) requires a CRA to delete erroneous information "<u>if it is found</u>" to be inaccurate, and TU argues that Plaintiffs presented no evidence from which a reasonable juror could infer that TU did <u>in fact</u> find (as opposes to <u>should have</u> found) that Plaintiff's credit report was inaccurate. The Court rejected TU's position at the instructions hearing (Trial Tr. at 506:18-19), and TU does not make any arguments here that would lead the Court to change that ruling.

### b. Motions in Limine

TU argues that several of the Court's rulings on the parties' motions in limine were erroneous and warrant a new trial. TU's arguments are incorrect.

TU argues that the Court erred when it granted the Plaintiff's motions in limine to exclude evidence that Plaintiff was an obligor on the disputed credit card account. The Court heard TU's arguments at the Final

---

INFORMED TRANS UNION, IN CASES IN WHICH IT WAS A DEFENDANT, THAT THE FAIR CREDIT REPORTING ACT'S REQUIREMENT FOR A REASONABLE REINVESTIGATION MUST CONSIST OF SOMETHING MORE THAN SIMPLY THE PARROTING OF INFORMATION RECEIVED FROM OTHER SOURCES AND/OR THAT A CREDIT REPORTING AGENCY DOES NOT ACT REASONABLY BY DEFERRING ENTIRELY TO ANOTHER SOURCE OF INFORMATION, SUCH AS A CREDITOR.

16

pretrial conference, (Final Pretrial Tr. at 2:3 to 21:14), and excluded the evidence then. In essence, TU had no admissible evidence on that point and the Court so held at the final pretrial conference. TU does not make any new arguments here, and the Court finds no reason to change its prior ruling.

### c. Witness Beverly Morgan's Testimony

TU argues that the Court erred when it denied TU's motion to strike Beverly Morgan's testimony regarding causation of emotional harm. The Court considered TU's arguments during the trial, (Trial Tr. at 307-309; 357:23 to 358:8), and denied TU's motion then. (Trial Tr. at 309:8; 362:22 to 364:14). TU does not make any new arguments here, and the Court finds no reason to change its ruling.

### 3. Remittitur

Finally, TU moves to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). TU argues that the punitive damages award was not supported by sufficient evidence and should be vacated. In the alternative, TU argues that the amount of punitive damages is not reasonably related to the actual harm plaintiff proved, and is therefore excessive.

As a basis for its motion, TU reasserts its objections to jury instruction 30 (instructing the jury that inaccuracy had been established), and the verdict form,

17

which allowed the jury to find that the FCRA was violated if either §§ 1681i(a)(1), (a)(2), (a)(4), or (a)(5) had been violated. As noted above, the Court has rejected TU's legal arguments that it reached these instructions in error, so it will not consider them as a basis for amending the judgment here.

The actual damages awarded to the Plaintiff were $20,000, and the punitive damages were $100,000. This is a five-to-one ratio. In BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), the Supreme Court held that "[punitive] damages must bear a reasonable relationship to compensatory damages . . . ." 517 U.S. at 580. While the Court has declined to set down a specific compensable-to-punitive damages ratio, it suggested that "[s]ingle-digit multipliers are more likely to comport with due process . . . ." State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003). In this case, a five-to-one punitive damages ratio is well within the constitutionally permissible ratios discussed in State Farm. There is therefore no reason under the Due Process clause to amend the punitive damages amount.[11]

---

[11] In fact, given TU's obdurate refusal to change its procedures in the face of several judicial decisions instructing it that "parroting" does not satisfy the FCRA,

**CONCLUSION**

For the reasons set forth above, TU's MOTION FOR JUDGMENT AS A MATTER OF LAW, MOTION FOR NEW TRIAL, AND MOTION TO AMEND THE VERDICT (Docket No. 174) will be denied.

Considering the record as a whole, the Court is satisfied that the verdict in favor of the plaintiff represents the doing of substantial justice and there is no prejudicial error. Hence, the motion for new trial under Fed. R. Civ. P. 59 will be denied.

The facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

The Clerk is directed to send a copy of the Memorandum Opinion to all counsel of record.

It is so ORDERED.

```
              _____/s/_____
              Robert E. Payne
              Senior United States District Judge
```

Richmond, Virginia
Date: August 27, 2007

---

the punitive award could have been far larger and still have been sustained.